IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOEL A. HILL and AMY S. HILL | § | |
| | § | |
| V. | § | A-20-CV-171-RP |
| | § | |
| 1500 BARTON SPRINGS, INC d/b/a | § | |
| CRESTVIEW RV, WINNEBAGO | § | |
| INDUSTRIES, INC., AND CUMMINS | § | |
| INC. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Amended Objection to Removal and Request that this Matter Be Remanded to Texas State Court (Dkt. No. 9); Cummins Inc.'s Motion to Strike Plaintiffs' Amended Petition (Dkt. No. 13); and all related responses and replies. The District Judge referred the above-motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

**I. BACKGROUND**

Joel and Amy Hill originally filed this suit in the 453rd District Court in Hays County, Texas, alleging claims against three defendants: 1500 Barton Springs, Inc. d/b/a Crestview RV, Winnebago Industries, Inc., and Cummins, Inc. In their state court petition the Hills assert that a recreational vehicle that they bought from Crestview RV in 2018 was defective. They allege claims under the Texas Deceptive Trade Practice Act, breach of implied and express warranties, violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 (the "Federal Lemon Law"); common law fraud, agency, and respondeat superior. Dkt. No. 1-2. Because of the presence of the Magnuson-Moss

Warranty Act claims, on February 14, 2020, Cummins removed the case to federal court, alleging federal question jurisdiction. Dkt. No. 1.

On February 18, 2020, the Hills filed an Objection to Removal and Request that this Matter be Reinstated in Texas State Court, to which they attached an Amended Petition. Dkt. Nos. 4, 4-1. They argue in their Objection that because the Amended Petition deletes the Magnuson-Moss Warranty Act claim, the Court no longer has federal question jurisdiction and should therefore remand the case to state court. On February 21, 2020, Cummins supplemented the record with the state court pleadings. Dkt. No. 5. These include proof of service on Crestview RV (Dkt. No. 5-7), and Crestview's subsequent Answer and Cross-Claim against Cummins and Winnebago (Dkt. No. 5-9).[1] Cummins also filed its Answer to the Hills' Complaint and to Crestview RV's Cross-claims. Dkt. No. 6. And also on February 21, 2020, the Hills filed their Amended Original Petition dropping their federal claims (which was also attached to their Objection as an exhibit). Dkt. No. 7.

Thereafter, Cummins responded to the Hills' objections to removal, arguing that the Amended Petition should be stricken. Dkt. No. 8. Cummins asserts that the Amended Petition violates Rule 15 because it was filed more than twenty-one days after service of the original Petition and also after two of the defendants had answered. *Id.* On the same date, the Hills filed an Amended Objection to Removal and Request that this Matter Be Remanded to Texas State Court, re-asserting the lack of federal claims (this is the live motion regarding this issue). Dkt. No. 9. The Hills also responded to Cummins' motion to strike the Amended Petition, Dkt. No. 12, and Cummins filed a

---

[1] Confusingly, at Docket Number 21, the Hills reference and attach Defendants' 1500 Barton Springs, Inc d/b/a Crestview RV and Winnebago Industries Original Answer in State Court filed on February 27, 2020. Dkt. No. 4-1. The "Original Answer" was filed in state court several weeks after the case was removed to federal court, and is Crestview RV's second "original" state court answer.

Corrected Motion to Strike the Amended Petition on the same day, Dkt. No. 13 (which is the relevant motion on this issue). Thereafter, the parties filed a flurry of responses and replies addressing whether the Hills' Amended Petition should be stricken and whether this case should be remanded. *See* Dkt. Nos. 14, 15, 16, 17 , 20, and 21.

## II. MOTION TO STRIKE AMENDED PETITION

Cummins argues that the Hills' Amended Petition dropping their federal claim should be stricken, as it was not filed in compliance with Rule 15. Rule 15(a)(1) provides a party the opportunity to amend a pleading once "as a matter of course" within 21 days after serving the pleading or, if the pleading requires a responsive pleading, 21 days after service of a responsive pleading or 21 days after service of a Rule 12(b), (e), or (f) motion, whichever is earlier. *VTX Commc'ns, LLC v. AT&T Inc.*, 2020 WL 918670, at *5 (S.D. Tex. Feb. 26, 2020). The Hills filed their Amended Petition on February 21, 2020. Cummins argues as follows:

> In this case, Plaintiffs filed their Original Petition more than twenty-one days before they filed their Amended Petition, on January 8, 2020. (Dkt. No. 1-2.) Additionally, Plaintiffs filed their Amended Petition more than twenty-one days after the service on [sic] co-Defendant 1500 Barton Springs, Inc. d/b/a Crestview RV's Answer to Plaintiffs' Original Petition, filed on January 31, 2020. (Dkt. No. 1-3.) Accordingly, Plaintiffs' Amended Petition fails to meet the requirements to amend their Petition as a matter of course, without leave of court.

Dkt. No. 20 at 2.

Cummins seems to have a counting problem in this argument. As it notes, the Amended Petition was filed on February 21, 2020. As it also notes, Crestview RV filed its answer on January 31, 2020. February 21, 2020, is 21 days after January 31, 2020.[2] Thus, the Amended Petition was

---

[2]Rule 6(a)(1) dictates how this Court computes time. It states, "When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period." FED. R. CIV. P. 6(a)(1)(A).

3

filed *exactly* 21 days after the service of Crestview RV's responsive pleading. Under Rule 15, this is a timely "once as a matter of course" filing. There is no question that a state court petition is a pleading that requires a "responsive pleading." FED. R. CIV. P. 7(a) (a complaint is a "pleading); FED. R. CIV. P. 12 (an answer is a "responsive pleading"). No motion to dismiss has been filed here. Crestview RV's answer filed in state court on January 31, 2020, was the first responsive pleading, so it triggered the 21 day deadline. In sum, the Hills' Amended Petition was filed within the time limits of Rule 15(a) and did not require leave of court. The motion to strike should be denied.

## II. MOTION TO REMAND

The Hills separately move to remand the case to state court because their amended complaint eliminates federal question jurisdiction under 28 U.S.C. § 1331.[3] Dkt. No. 9. Cummins opposes remand, arguing that the Court should consider its jurisdiction at the time of removal, and not after the Hills amended their complaint. Cummins additionally argues that even if the federal claim that forms the basis of federal question jurisdiction is dismissed, the remaining state law claims should be retained as a discretionary exercise of the district court's supplemental jurisdiction. *GlobeRanger Corp. v. Software AG United States of Am., Inc.*, 836 F.3d 477, 489 (5th Cir. 2016).

A district court may consider an amended complaint, filed after removal and dropping all federal claims, in determining its jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011). Once federal claims have been eliminated from a case, the Court must determine whether it should exercise supplemental jurisdiction over the remaining state law claims. When all federal

---

[3] It is unclear if the removal of this case was proper. All defendants properly joined and served in the suit must consent to removal or join in removal, for it to be proper. 28 U.S.C. § 1446(b)(2)(A). The record reflects that Crestview RV was served on January 16, 2020, and filed an answer on January 31, 2020. The notice of removal was filed on February 14, 2020, yet there is no indication that Crestview RV consented to the removal.

claims are eliminated from a case before trial, the general rule is to decline to exercise supplemental jurisdiction over the pendent state law claims. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). This rule is particularly appropriate when the federal claims are dropped at an early stage of the litigation, as the district court has a "powerful reason to choose not to continue to exercise jurisdiction." *Enochs,* 641 F.3d at 161 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). However, it remains within the discretion of the district court to decide whether to retain jurisdiction over a case where all federal claims have been eliminated and only state law claims remain. *Carnegie-Mellon*, 484 U.S. at 351.

The Court believes that the proper exercise of its discretion here, weighing both statutory and common law factors, is not to exercise supplemental jurisdiction over the Hills' state law claims. First, the Hills' state law DTPA and fraud claims substantially predominate over the Magnuson-Moss Warranty Act claim, the one claim over which the district court had original jurisdiction. 28 U.S.C. § 1367(c). Second, no federal claims remain in the case. *Id.* Additionally, because it is so early in the case, judicial economy, convenience, fairness, and comity, all weigh in favor of remand. *Enochs*, 641 F.3d at 158-59. The undersigned therefore recommends that the district court decline the exercise of jurisdiction over the state law claims and remand this case to state court.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Cummins Inc.'s Motion to Strike Plaintiffs' Amended Petition (Dkt. No. 13), and **GRANT** Plaintiffs' Amended Objection to Removal and Request that this Matter Be Remanded to Texas State Court (Dkt. No. 9) and **REMAND** this case to the 453rd District Court of Hays County, Texas.

As there are no further matters pending before the undersigned in the case, the Court directs the Clerk remove this case from his docket.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of May, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE